DAVID M. MICHAEL, SBN 74031
LAW OFFICES OF DAVID M. MICHAEL
101 California Street, Suite 2450
San Francisco, CA 94111
Telephone: (415) 946-8996
Facsimile: (877) 538-6220
E-mail: dmmp5@aol.com

EDWARD M. BURCH, SBN 255470
12 Oakwood St. #8
San Francisco, CA 94110
Telephone: (415) 518-0498
Facsimile: (877) 767-3821
E-mail: emikeb11@aol.com

Attorneys for Claimant
FRANK JOSEPH ALIOTO

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA,

    Plaintiff,

v.

APPROXIMATELY $61,505.00
IN UNITED STATES CURRENCY,

    Defendant.
_____/

FRANK JOSEPH ALIOTO,

    Claimant.
_____/

No. C 07-5413 MMC

**EXHIBIT B TO CLAIMANT'S REPLY MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS EVIDENCE**

0001

**U.S. Department of Justice**
**Drug Enforcement Administration**

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | 2. Cross File | Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|---|
| 5. By: S/A Willie Byrd  At: SFFD/TF-2 SFIA | ☒ ☒ ☐ ☐ ☐ | | 6. File Title | |
| 7. ☐ Closed  ☐ Requested Action Completed  ☐ Action Requested By: | | | 8. Date Prepared  01/07/08 | |

9. Other Officers:

10. Report Re: Case Status 01-07-2008

**DETAILS**

1. On January 7, 2008, S/A Willie Byrd was informed by Asset Removal Specialist, Markalekzandre Bustos via email that the case involving the seizure of $34,320.00 is an active judicial case. According to Bustos, this case is still pending judicial forfeiture proceeding.

2. This case shall remain in the open status until all civil matters relating to this forfeiture have been completed.

**INDEXING**

1. ALIOTO, Frank Joseph, Jr:

| 11. Distribution:  Division  District  Other | 12. Signature (Agent)  Special Agent Willie Byrd | 13. Date  010908 |
|---|---|---|
| | 14. Approved (Name and Title)  John J. Martin  Group Supervisor | 15. Date  01-09-2008 |

DEA Form - 6
(Jul. 1996)

CASE STATUS 01-07-2008

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used.


E-MAILED 1-9-08

U.S. Department of Justice  
Drug Enforcement Administration

0002

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | 2. Cross File / Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: S/A Willie Byrd  At: SFFD/TF-2 SFIA | ☒ ☒ ☐ ☐ | 6. File Title | |
| 7. ☐ Closed ☐ Requested Action Completed  ☐ Action Requested By: | | 8. Date Prepared 09/18/07 | |

9. Other Officers:

10. Report Re: CASE STATUS 09-18-2007

### DETAILS

1. On September 18, 2007, S/A Willie Byrd was informed by Asset Removal Specialist, Markalekzandre Bustos via email that the case involving the seizure of $34,320.00 is still pending administrative forfeiture proceedings.

2. This case shall remain in the open status until all civil matters relating to this forfeiture have been completed.

### INDEXING

1. ALIOTO, Frank Joseph, Jr: ▮▮▮▮▮▮▮▮▮

---

| 11. Distribution: Division / District / Other | 12. Signature (Agent)  Special Agent Willie Byrd | 13. Date 10/02/07 |
|---|---|---|
| | 14. Approved (Name and Title)  John J. Martin  Group Supervisor | 15. Date 10-21-07 |

DEA Form - 6  
(Jul. 1996)

CASE STATUS 09-18-2007

**DEA SENSITIVE**  
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.  
Neither it nor its contents may be disseminated outside the agency to which loaned.

E-MAILED 10/22/07

0003

U.S. Department of Justice
Drug Enforcement Administration

## REPORT OF INVESTIGATION

Page 1 of 1

| 1. Program Code | 2. Cross File / Related Files | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: S/A Willie Byrd  At: SFFD/TF-2 SFIA | [X] | 6. File Title | |
| 7. [ ] Closed  [ ] Requested Action Completed  [ ] Action Requested By: | | 8. Date Prepared  06/04/07 | |

9. Other Officers:

10. Report Re: Employment History

### DETAILS

1. On June 4, 2007, S/A Willie Byrd obtained information from JoAnne Wallenhorst of the California Employment Development Department regarding employee histories for Frank ALIOTO, Jr. According to Wallenhorst, ALIOTO show no reported wages.

### INDEXING

ALIOTO, Frank Joseph, Jr: ███████████

| 11. Distribution:  Division  District  Other | 12. Signature (Agent)  Special Agent Willie Byrd | 13. Date  060407 |
|---|---|---|
| | 14. Approved (Name and Title)  John J. Martin  Group Supervisor | 15. Date  06-04-2007 |

DEA Form - 6
(Jul. 1996)

EMPLOYMENT HISTORY

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned

E-MAILED

U.S. Department of Justice  
Drug Enforcement Administration

0004

## REPORT OF INVESTIGATION

Page 1 of 8

| 1. Program Code | 2. Cross Related Files File | 3. File No. | 4. G-DEP Identifier |
|---|---|---|---|
| 5. By: S/A Willie Byrd<br>At: SFFD/TF-2 SFIA | ☒ ▓<br>☒ ▓<br>☐<br>☐<br>☐ | 6. File Title ▓ | |
| 7. ☐ Closed  ☐ Requested Action Completed<br>☐ Action Requested By: | | 8. Date Prepared<br>08/17/07 | |

9. Other Officers: G/S John J. Martin, S/A Jay Dial, TFA Kevin O'Malley, TFA Marty Mahon, and SSFPD Ofc. Sean Curmi

10. Report Re: Case Summary-Seizure of $34,320.00 (N-1) in U.S. Currency from Frank ALIOTO on 08-16-07 at Oakland Airport

**DEFENDANTS**       None to Report.

**VIOLATIONS**       21 United States Code, Section 881 (a)(6)

**JUDICIAL DISTRICT**   Northern District of California

**DATE/TIME/PLACE**  August 16, 2007, at approximately 9:35 p.m., Oakland Airport

**DRUG EXHIBITS**    None to Report.

**NON-DRUG EXHIBITS**   Exhibit N-1, $34,320.00 U.S. Currency

**DETAILS**

1. Reference is made to DEA-6 entitled "Case Summary-Seizure of $61,505.00 (N-1) in U.S. Currency from Frank ALIOTO on 05-30-07 at SFIA" written by S/A Willie Byrd.

2. On August 16, 2007, at approximately 2:28 p.m., S/A Willie Byrd received a telephone call from a Confidential Source ▓ (hereafter referred to as CS) regarding suspicious travel. The CS stated that Frank ALIOTO was flying on a round trip from Atlanta, GA to Oakland Airport (OAK) with no check in luggage. ALOITO's original itinerary was to depart San Francisco International Airport (SFIA) on

| 11. Distribution:<br>Division<br>District<br>Other ▓ | 12. Signature (Agent)<br>Special Agent Willie Byrd | 13. Date<br>082107 |
|---|---|---|
| | 14. Approved (Name and Title)<br>John J. Martin<br>Group Supervisor | 15. Date<br>08-21-2007 |

DEA Form - 6  
(Jul. 1996)

08-16-2007 CASE SUMMARY

DEA SENSITIVE  
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.  
Neither it nor its contents may be disseminated outside the agency to which loaned.


E-MAILED  
8/22/07

U.S. Department of Justice  
Drug Enforcement Administration

0006

| REPORT OF INVESTIGATION<br>*(Continuation)* | 1. File No. ████ | 2. G-DEP Identifier ████ |
|---|---|---|
| | 3. File Title ████ | |
| 4. Page 2 of 8 | | |
| 5. Program Code | 6. Date Prepared 08/17/07 | |

    August 9, 2007 and return to SFIA on August 12, 2007. According to the CS, ALIOTO paid cash for a first class ticket the day of travel. ALIOTO did not board his original return flight on August 12, 2007. ALIOTO changed his itinerary the day of travel to depart Atlanta, GA and arrive at OAK on Delta Airlines Flight #1084. ALIOTO's flight was due to arrive in OAK on August 16, 2007 at approximately 9:30 p.m. ALIOTO traveled with no check in luggage.

3. S/A Byrd had a prior consensual encounter with ALIOTO on May 30, 2007. The consensual encounter was documented on R3-07-0039. From the prior consensual encounter, S/A Byrd knew that NCIC check revealed that ALIOTO had seven drug arrests and three drug convictions. ALIOTO had a misdemeanor conviction in Sacramento, CA for possession of controlled substance in 2003 and was sentenced to 36 months probation and 90 days jail. ALIOTO had a misdemeanor conviction in Fulton County Georgia for possession of marijuana less than one ounce in 2005 and was confined for 12 months and credited with time served. ALIOTO had a misdemeanor conviction in Lancaster Texas for possession of marijuana less than two ounces in 2005 and was held for an undetermined amount of time.

4. During the consensual encounter on May 30, 2007, agents seized $61,505.00 USC from ALIOTO and a certified narcotic detection canine alerted to the currency indicating the presence of narcotics. ALIOTO admitted to agents that he had carried medical marijuana inside of luggage in the past. The currency was packaged in multiple bundles with rubber bands. Furthermore, ALIOTO had no verification of the source of the bulk currency and the California Employment Development Department showed no reported wages for ALIOTO. ALIOTO was also being picked up by a Jonas TEELE who was the owner of an address in which a parcel that contained $35,000.00 in U.S. Currency was seized by agents. With the combination of the prior knowledge and facts, agents had reasonable suspicion to believe that ALIOTO was involved in an ongoing criminal activity. **AGENT NOTES:** *ALIOTO has placed a claim on the $61,505.00 USC seized from him and has hired the attorney of David M. Michael. Attorney Michael is listed on the website of Lawyers From WEEDSCAPE: Medical Marijuana information for Patients under the title of 420LAWYER.COM.*

DEA Form - 6a  
(Jul. 1996)

DEA SENSITIVE  
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.  
Neither it nor its contents may be disseminated outside the agency to which loaned.

| U.S. Department of Justice<br>Drug Enforcement Administration | | 0005 |
|---|---|---|
| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 1. File No. ▮▮▮ | 2. G-DEP Identifier ▮▮▮ |
| | 3. File Title ▮▮▮ | |
| 4. Page 3 of 8 | | |
| 5. Program Code | 6. Date Prepared 08/17/07 | |

5. On August 16, 2007, at approximately 8:30 p.m., DEA Task Force 2 conducted surveillance in Oakland Airport at Gate #15 in the anticipation of the arrival of Delta Airline Flight #1084 and observing ALIOTO exit the plane.

6. At approximately 9:30 p.m., Delta Airline Flight #1084 arrived at Gate #15.

7. At approximately 9:32 p.m., DEA Task Force 2 agents observed ALIOTO exit Gate #15. Agents recognized ALIOTO from the previous consensual encounter and from his California Department of Motor Vehicles driver's license photo shown at the operational briefing. ALIOTO was observed talking on a cellular phone and carrying a brown leather gym bag, matching small roller luggage, and matching computer bag. ALIOTO walked into the men's restroom. DEA Task Force 2 maintained foot surveillance.

8. Shortly after, DEA Task Force 2 observed ALIOTO exit the men's restroom and proceeded to walk towards the secured check point exit. S/A Byrd approached ALIOTO from behind at approximately four feet and called out the name "Frank" in a moderate voice. ALIOTO continued to walk towards the secured check point exit. S/A Byrd called out the name of "Frank" in a slightly louder voice from approximately three feet behind ALIOTO. ALIOTO stopped and turned around to face agents. S/A Byrd and TFA Marty Mahon identified themselves as Agents with the DEA by showing ALIOTO their issued credentials and conducted a consensual encounter with ALIOTO. ALIOTO replied "oh no, you guys again". S/A Byrd advised ALIOTO that he was not under arrest and was free to go. **AGENT NOTES:** *S/A Byrd called out the name "Frank" in a loud enough voice that a few people in the vicinity of ALIOTO turned around. The few people may or may not have been named "Frank" but was able to hear S/A Byrd's voice and ALIOTO ignored the voice. ALOITO displayed nervous behavior by not responding to his name, looking forward, and walking at a fast pace.*

9. S/A Byrd asked ALIOTO about his travel itinerary. ALIOTO replied "I'm coming from the same place I came from the last time you guys stopped

DEA Form - 6a (Jul. 1996)    **DEA SENSITIVE**    Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Case 3:07-cv-05413-MMC    Document 26    Filed 07/25/2008    Page 8 of 14



| U.S. Department of Justice<br>Drug Enforcement Administration | | 0007 |
|---|---|---|
| **REPORT OF INVESTIGATION**<br>*(Continuation)* | 1. File No. | 2. G-DEP Identifier |
| | 3. File Title | |
| 4. Page 4 of 8 | | |
| 5. Program Code | 6. Date Prepared 08/17/07 | |

me". S/A Byrd asked ALIOTO if he currently had any illegal drugs or a large amount of U.S. Currency in his possession. ALIOTO replied "here check my bags" and moved his luggage towards S/A Byrd. S/A Byrd observed bulges in ALIOTO's cargo short pockets and asked if agents could search his person. ALIOTO replied "no" and only gave agents consent to search his luggage. **AGENTS NOTE:** *S/A Byrd knew from training and experience that the bulges in ALIOTO's cargo short pockets could be illegal narcotics or large bundles of currency.*

10. S/A Byrd searched ALIOTO's brown roller luggage and matching computer bag and did not locate any illegal drugs or large amount of currency. S/A Byrd then searched ALIOTO's brown matching leather gym bag. S/A Byrd opened the main compartment of the leather gym bag and found one large bundle of U.S. Currency bound together with rubber bands.

11. S/A Byrd asked ALIOTO how much money he had in his possession. ALIOTO replied that he had exactly $30,000 in U.S. Currency in his possession. S/A Byrd advised ALIOTO that the one large bundle of U.S. Currency found in the gym bag did not appear to be $30,000. ALIOTO told agents that the remainder of the money was in his pockets. S/A Byrd asked if he could see it and ALIOTO replied "yes". **AGENT NOTE:** *The official bank count of the currency was $34,320.00.*

12. S/A Byrd observed large bundles of U.S. Currency bound together with rubber bands inside both front and side pockets of ALIOTO's cargo shorts. ALIOTO stated that he is the owner of Wash House Records and claimed that the money was made from selling "six beats" to Young Buck (a well known music rapper) for $5,000 a beat. ALIOTO was unable to provide agents with a business card or the business receipts of the transaction and stated the receipts were at his girlfriend's residence in Atlanta, GA. ALIOTO was reluctant to give agents his girlfriend's name.

13. S/A Byrd explained to ALIOTO that agents believed the currency to be possible proceeds of narcotic transactions or monies used in the furtherance of narcotic trafficking, therefore agents were seizing the money. ALIOTO yelled "No that's legit money, its not drug money"

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

0008



| REPORT OF INVESTIGATION (Continuation) | 1. File No. | 2. G-DEP Identifier |
|---|---|---|
| | 3. File Title | |
| 4. Page 5 of 8 | | |
| 5. Program Code | 6. Date Prepared 08/17/07 | |

and that his attorney had advised him that he could carry money with him.

14. TFA Mahon asked ALIOTO if any of the currency in his possession was intermingled or in the vicinity of illegal drugs. ALIOTO replied "no". TFA Mahon asked ALIOTO if he had used or was in the possession of illegal drugs while in the custody of the currency. ALIOTO replied "no". TFA Mahon asked ALIOTO if any of his acquaintances used or were in possession of illegal drugs while ALIOTO was in custody of the currency. ALIOTO replied "no". S/A Byrd asked ALIOTO if he had a medical marijuana card in his possession. ALIOTO stated that he did not have a medical marijuana card in his possession; but he did have a legitimate medical marijuana card at his residence.

15. S/A Byrd asked ALIOTO if agents could have a narcotic detection canine examine the currency. ALIOTO stated "go ahead". Shortly after, TFA Mahon had his certified drug detection canine "Maximus" conduct a drug sniff of the U.S. Currency. S/A Byrd placed the U.S. Currency in the corner section of the airport on the carpet floor, where no other travelers and employees were present. TFA Mahon had Maximus begin his sniff approximately fifty feet from where the currency was located. Maximus, who was off lead, headed toward the direction of currency. Once reaching the area of where the currency was located, Maximus began to bracket back and forth, but was sniffing up high. Based upon TFA Mahon's training and experience, this is an indication to him that Maximus was in the immediate area of where the odors of drugs were present, but Maximus could not pinpoint the exact location of the drug odors. TFA Mahon then directed Maximus toward the currency by pointing to that direction. TFA Mahon was still approximately five feet from Maximus and the currency. Maximus then sniffed low toward the carpet, where the U.S. Currency was placed. Maximus then came upon the currency, and immediately alerted to the currency by scratching it and barking. Based upon the aforementioned actions and alert by Maximus, this was an indication to TFA Mahon that the odors of drugs were present. Maximus did not conduct any further drug sniffs for this case. Maximus has conducted approximately 300 searches. **AGENT NOTE:** *The currency had the odor of dryer sheets which is a common masking odor used to deter narcotic detection canines.*

DEA Form    - 6a
(Jul. 1996)

DEA SENSITIVE
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

U.S. Department of Justice  
Drug Enforcement Administration

0009

## REPORT OF INVESTIGATION
*(Continuation)*

1. File No. ▮▮▮  
2. G-DEP Identifier ▮▮▮  
3. File Title ▮▮▮

4. Page 6 of 8

5. Program Code

6. Date Prepared: 08/17/07

---

16. S/A Byrd explained to ALIOTO that he was going to seize the currency pending further investigation. ALIOTO was given a DEA-12 for an undetermined amount of currency pending an official bank count. ALIOTO called an unknown person and stated "They are taking the money from me again. Call the attorney". TFA Mahon asked ALIOTO if he was on the phone with TEELE. ALIOTO yelled no and refused to inform agents who he was talking with. ALIOTO proceeded to walk towards the secured check point exit. DEA Task Force 2 maintained foot surveillance. **AGENT NOTE:** *ALIOTO requested if agents could let him keep $10,000 of the seized currency and agents replied no.*

17. Before ALIOTO exited the secured check point exit, he was observed talking to a black male that was later identified as Brian LOVELY-BYAS. S/A Byrd conducted a consensual encounter with LOVELY-BYAS who stated he was from Vallejo, CA. LOVELY-BYAS told agents that he had seen ALIOTO around different places and inquired to what had occurred with Law Enforcement because he was being "nosey". LOVELY-BYAS explained to agents that he was on a one way ticket to Las Vegas to perform at a club. LOVELY-BYAS claimed he was a rapper/artist. LOVELY-BYAS stated that he had only been arrested in the past for evading law enforcement officials in a vehicle. S/A Byrd thanked LOVELY-BYAS for his cooperation and concluded the consensual encounter. **AGENT NOTE:** *NCIC check confirmed that LOVELY-BYAS was arrested in 2001 for evading peace officers/disregard safety in vehicle and sentenced to 24 months probation and 30 days jail. TFA Kevin O'Malley observed ALIOTO depart the airport in a black pickup truck, but was unable to observe the license plate.*

18. On August 17, 2007, at approximately 10:00 a.m., ALIOTO called S/A Byrd at the SFIA office regarding the money seizure. ALIOTO claimed that he had the business receipts of the transaction he had completed in Atlanta with Young Buck. ALIOTO asked S/A Byrd if S/A Byrd could return the seized currency if he sent a friend with the receipts of the transaction. S/A Byrd informed ALIOTO to fax the receipts to the SFIA office. ALIOTO stated he would fax the business receipts to agents. **Agent NOTE:** *ALIOTO had previously stated to agents that the*

---

DEA Form - 6a  
(Jul. 1996)

DEA SENSITIVE  
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.  
Neither it nor its contents may be disseminated outside the agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

0010

# REPORT OF INVESTIGATION
(Continuation)

1. File No. [redacted]
2. G-DEP Identifier [redacted]
3. File Title [redacted]

4. Page 7 of 8

5. Program Code

6. Date Prepared 08/17/07

    *business receipts of the transaction were at his girlfriend's residence in Atlanta, GA.*

19. At approximately 10:20 a.m., S/A Byrd called ALIOTO at 415-725-1174 to inform ALIOTO that agents had not received the receipts by fax as promised. This number that S/A Byrd dialed was the cell phone number that ALIOTO provided to agents as a contact number during the consensual encounter. S/A Byrd received a voice mail message with ALIOTO's voice on it that stated "Hi it's um Thursday. I lost my phone. Leave numbers. Leave your number". **AGENT NOTES:** *This telephone number that ALIOTO gave agents is the same number that belonged to ALIOTO that he had in his possession during the consensual encounter. The background noise on the voice mail sounds as if ALIOTO is in the airport when he makes the recording. It is common for drug couriers to discontinue use of phones once law enforcement becomes aware of the number.*

20. Due to the totality of the circumstances, the currency was seized as possible proceeds of narcotic transactions or monies used in the furtherance of narcotic trafficking under Title 21 USC 881 (a) (6). Through training, experience and observations made by Law Enforcement Agents, prior criminal history, prior consensual encounter, packaging of the currency in multiple bundles with rubber bands, no verification of the source of the bulk currency, a canine alert, purchased Airline tickets on same day of travel, cash payment of airline ticket, nervous behavior, travel to and from major drug source or distribution cities, the currency had an odor of dryer sheets which is used as a masking odor for narcotic detection canines, all leads to the probable cause that the currency seized were proceeds to narcotic trafficking.

## CUSTODY OF NON-DRUG EVIDENCE

Exhibit N-1, $34,320.00 U.S. Currency, was seized by S/A Byrd and TFA Mahon on August 16, 2007, at Oakland Airport. TFA Mahon and Ofc. Curmi transported N-1 to the DEA's SFIA office where it was secured in the SFIA overnight safe by TFA Mahon, as witnessed by S/A Byrd for temporary

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

U.S. Department of Justice
Drug Enforcement Administration

0011

## REPORT OF INVESTIGATION
*(Continuation)*

| | |
|---|---|
| 1. File No  | 2. G-DEP Identifier |
| 3. File Title | |

4. Page 8 of 8

5. Program Code

6. Date Prepared 08/17/07

safekeeping. On August 17, 2007, S/A Byrd and S/A Jay Dial transferred N-1 to the Bank of America located at SFIA, where it was converted into a Bank of America Cashier's Check #418576511, made payable to the U.S. Marshals Service. Denominations of the seized U.S. Currency were as follows:

```
124 x $100   = $ 12,400
 25 x  $50   = $  1,250
959 x  $20   = $ 19,180
111 x  $10   = $  1,110
 63 x   $5   = $    315
 65 x   $1   = $     65
       Total   $ 34,320
```

S/A Dial subsequently transported the cashier's check #418576511 to the San Francisco Asset Removal Group for processing. **AGENTS NOTES:** *S/A Byrd inadvertently left $440 in the transporting backpack that was not placed in the SFIA overnight safe for temporary safekeeping. On August 17, 2007, S/A Byrd noticed the money in the backpack when placing items into the bag. The money was not located until after S/A Byrd and S/A Dial transferred N-1 to the Bank of America located at SFIA, where it was converted into a Cashier's Check. The found money was immediately transported to the Bank of America located at SFIA, where a new Cashier's Check was issued for the correct amount of $34,320.00.*

## INDEXING

1. ALIOTO, Frank Joseph, Jr: 
 On August 17, 2007, $34,320.00 U.S. Currency was seized from ALIOTO's at the Oakland Airport.

2. TEELE, Jonas: 

DEA Form - 6a
(Jul. 1996)

**DEA SENSITIVE**
Drug Enforcement Administration

This report is the property of the Drug Enforcement Administration.
Neither it nor its contents may be disseminated outside the agency to which loaned.

Previous edition dated 8/94 may be used

| U.S. Department of Justice | | (DO NOT USE FOR DRUG EVIDENCE) |
|---|---|---|
| Drug Enforcement Administration | 0012 | DISPOSITION OF NONDRUG EVIDENCE |

| 1. Date Prepared: 08-17-2007 | 2. Case No: ■■■ | 3. File Title: ■■■ | 4. GDEP #: ■■■ |
|---|---|---|---|

## PART I

5. The following exhibits in this case are no longer needed as evidence and will be:

☐ Returned to the rightful owner. _____
    Name and Address of Property Owner

☒ Transferred to another Agency or DEA office.  U.S. Marshal Service
    Name of Agency or other DEA Office

☐ Transferred to another inter-office DEA case. _____
    Identify New Case Number and Exhibit Number

☐ Placed into Title III Storage in accordance with (IAW) Title 18 USC § 2518(8)(a), Procedures for Interception of Wire, Oral, or Electronic Communications.
    Date of Court Order to Seal: _____

☐ Forfeited IAW Title 21 USC § 881(a), Disposition of Forfeited Property.
☐ Undergo Abandonment Proceedings IAW 41 CFR 128, Authorities and Responsibilities for Personal Property Management.
☐ Destroyed. If Title III, Date of Court Order to Destroy: _____
☐ Returned to originating case file.
☐ Returned to DEA Headquarters (Recovered Official Advanced Funds [OAF]).

| 6. Exhibit # | 7. Description | 8. Condition | 9. Estimated Value |
|---|---|---|---|
| N-1 | Bank of America cashiers check #418576511 in the amount of $34,320.00 made payable to the U.S Marshal's Service<br><br>CATS ID: 07-DEA-488974<br><br>FCN: 07-0306 | | $34,320.00 |

| 10a. Type/Print Name of Special Agent/Task Force Officer/Diversion Investigator: Special Agent Willie Byrd | 11a. Type/Print Name of Supervisor: Group Supervisor John J. Martin  *For* |
|---|---|
| 10b. Signature and Date:  08/17/07 | 11b. Signature and Date:  8/17/07 |

## PART II

The foregoing exhibits, described above, have undergone abandonment proceedings (see Section 6681.9 of the Agents Manual) and may be disposed IAW 41 CFR 128, Authorities and Responsibilities for Personal Property Management. A DEA-294a is attached to this document.

| 12a. Type/Print Name of Evidence Custodian: | 12b. Signature and Date: |
|---|---|

## PART III

13. On  9/7/07  (Date), the foregoing exhibits were:

☐ Returned to rightful owner described in Part I.
☒ Transferred to Agency or other DEA Office described in Part I.
☐ Transferred to inter-office DEA case described in Part I.
☐ Placed into Title III Storage IAW Title 18 USC § 2518(8)(a).
☐ Forfeited IAW Title 21 USC § 881(a).

☐ Disposed of IAW 41 CFR 128.
☐ Destroyed.
☐ Returned to originating case file.
☐ Returned to DEA HQS (Recovered OAF).

| 14a. Type/Print Name of Custodian: Dan Jaime | 15a. Type/Print Name of Witness: | 16a. Type/Print Name of Recipient, if applicable: |
|---|---|---|
| 14b. Signature and Date:  9-7-07 | 15b. Signature and Date: | 16b. Signature and Date:  9/7/07 |

DEA Form 48a (04/07) (Previous editions are obsolete)                                         Copy 1 - Case File

**CERTIFICATE OF ELECTRONIC FILING**

The undersigned hereby certifies that, on 25 July 2008, he caused to be electronically filed the foregoing with the clerk of the court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Susan B. Gray CSB 100374
Office of the U.S. Attorney
450 Golden Gate Avenue
San Francisco CA 94102
Susan.B.Gray@usdoj.gov


        S/DAVID M. MICHAEL
        DAVID M. MICHAEL